UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| In re: BETSEY WARREN LEBBOS, | NO. CIV. S-08-440 FCD/KJM |
|     Debtor, _____/ | |
| BETSEY WARREN LEBBOS, | |
|     Appellant, | |
|   v. | MEMORANDUM AND ORDER |
| LINDA SCHUETTE, | |
|     Appellee. _____/ | |
| In re: JASON GOLD, | NO. CIV. S-08-502 FCD/KJM |
|     Debtor, _____/ | |
| JASON GOLD, | |
|     Appellant, | |
|   v. | |
| LINDA SCHUETTE, | |
|     Appellee. _____/ | |

```
In re: THOMAS CARTER,                    NO. CIV. S-08-503 FCD/KJM

          Debtor,
_____/
THOMAS CARTER,

          Appellant,

     V.

LINDA SCHUETTE,

          Appellee.
_____/
```

----oo0oo----

These matters are before the court on the following motions brought by appellants Betsey Warren Lebbos, Jason Gold and Thomas Carter ("appellants") in the above captioned bankruptcy appeals:[1] (1) motions to consolidate the appeals; (2) motions to disqualify the undersigned from hearing said appeals; and (3) motions to certify these appeals directly to the Ninth Circuit. Because the court finds appellants have not effectuated proper appeals in the first instance, it dismisses the appeals and accordingly, denies appellants' pending motions as moot.

By these appeals, appellants seek reversal of the bankruptcy court's entry of default against them, pursuant to an order granting appellee terminating sanctions for appellants' discovery violations. In each of the above cases, appellants filed notices of appeal, pursuant to 28 U.S.C. § 158(a)(3), specially electing appeal to the United States District Court. Section 158(a)(3) provides that "district courts of the United States shall have jurisdiction to hear appeals (1) from final judgments, orders,

---

[1] Because oral argument will not be of material assistance, the court orders these matters submitted on the briefs. E.D. Cal. L.R. 78-230(h).

and decrees . . . (3) with leave of the court, from . . . interlocutory orders and decrees[.]"  An order entering default, as opposed to default *judgment*, is not a final, appealable order. See Hawaii Carpenters' Trust Funds v. Stone, 794 F.2d 508, 512 (9th Cir. 1986); Baker v. Limber, 647 F.2d 912, 916 (9th Cir. 1981).  Thus, the order at issue here is an interlocutory order which appellants may appeal only if this court grants them leave to do so.

The procedure for obtaining leave to appeal is prescribed by Bankruptcy Rule 8003(a), which requires a motion containing: (1) a statement of facts necessary to an understanding of the questions to be presented by the appeal; (2) a statement of the question and the relief sought; (3) a statement of reasons why an interlocutory appeal should be entertained; and (4) copies of the questioned order and any opinion or memorandum relating to it. Fed. R. Bankrupt. P. 8003.  However, if the required motion for leave to appeal is not made, subsection (c) of Rule 8003 grants the court discretion to consider the notice of appeal as a motion for leave to appeal.  Hupp v. Ed. Credit Manag. Corp., 383 B.R. 476, 480 (9th Cir. 2008).  This court elects to do so in this case and considers appellants' notices of appeal as motions for leave to appeal.

The conditions for granting leave to appeal are that the interlocutory order: (1) involves a controlling question of law; (2) as to which there is substantial ground for difference of opinion; and (3) and that an immediate appeal from the order may materially advance the ultimate termination of the litigation. These factors derive from 28 U.S.C. § 1292(b), the provision

3

allowing circuit courts to review interlocutory orders certified by the district court for appeal. Belli v. Temkin, 268 B.R. 851, 858 (9th Cir. 2001). Ultimately, in exercising its discretion to permit appeal of an interlocutory order, the court should grant leave "to avoid wasteful litigation and expense where the appeal presents a meritorious issue on a controlling question of law and an immediate appeal would materially advance [termination] of the litigation." In re Sonicblue, Inc., 2007 WL 3342662, *3 (N.D. Cal. Nov. 9, 2007).

In this case, appellants cannot establish these requisite elements to justify appeal of an interlocutory order. There is no controlling issue of law in this case, as the bankruptcy court's decision to enter default as a terminating sanction was based primarily on factual findings concerning appellants' failure to comply with discovery requests. See e.g. Keystone Tobacco Co., Inc. v. Nat'l Tobacco Co., 217 F.R.D. 235, 238 (D.C. Dist. 2003) (recognizing that an issue is not a "controlling issue of law" where the issue decided by the court is "fact-dependent"). Moreover, while reasonable jurists might differ as to whether those facts justified the imposition of terminating sanctions, Section 1292(b) requires more than simply disagreement with the court's conclusion. Kern-Tulare Water Dist. v. Bakersfield, 634 F. Supp. 656, 667 (E.D. Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987) (recognizing that a party's strong disagreement with the court's ruling is not sufficient for there to be a "substantial ground for difference" of opinion; the proponent of an appeal must make some greater showing.) Finally, immediate appeal of

4

1 the bankruptcy court's entry of default will not materially
2 advance the termination of the underlying adversary proceeding.
3 Subsequent to filing of the instant appeals, the bankruptcy court
4 entered default *judgment* against appellants.  Indeed, appellants
5 have separately appealed that decision to this court.  (In re:
6 Betsey Warren Lebbos, Case No. S-08-912 FCD.)  Thus, termination
7 of these appeals will not materially advance the termination of
8 the underlying litigation since it has already concluded pursuant
9 to the bankruptcy court's entry of default judgment.  See e.g. In
10 re Sarchet, 2007 WL 801642, *3 (N.D. Cal. Mar. 14, 2007) (denying
11 leave to appeal where the bankruptcy court had already issued its
12 final decree and closed the case and thus no decision by the
13 district court on the subject "Order re Clarification" could
14 affect the outcome of the case).

15      Accordingly, for the above reasons, the court DENIES leave
16 to appeal in the above captioned actions and HEREBY DISMISSES the
17 appeals for lack of jurisdiction as an interlocutory appeal for
18 which leave to appeal has not been granted.  As such, appellants'
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

5

1  pending motions are DENIED as MOOT.[2]

2       IT IS SO ORDERED.

3  DATED: June 10, 2008

_____
FRANK C. DAMRELL, Jr.
UNITED STATES DISTRICT JUDGE

---

[2] The court acknowledges that appellants seek to disqualify the undersigned from adjudicating these appeals on the basis of alleged bias.  (See also, Mtn. to Supplement Mtn. to Disqualify, filed by appellant Lebbos on June 4, 2008 [Docket #47 in Case No. Civ. S-08-440 FCD/KJM.)  The instant order only addresses whether appeal is *procedurally* appropriate.  As such, because this order does not reach the substantive merits of appellants' appeals of the entry of default, the court finds that it is unnecessary to consider the motion to disqualify. Moreover, appellants have filed the same motion to disqualify in Case No. Civ. S-08-912 FCD, appealing the bankruptcy court's entry of default judgment.  In that matter, appellants have a direct right of appeal, pursuant to Section 158(a)(1), and thus, the court can consider the merits of appellants' disqualify motion in that related case.  (See Minute Order, filed May 29, 2008, in Case No. Civ. S-08-912 FCD, directing appellants to file amended notices of motion setting the disqualification motion and other motions on the court's regular law and motion calendar.)

6